UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No.: 02-30043-MAP |
| | ) |
| ANDREY BUYNOVSKIY | ) |

## MOTION TO SUPPRESS STATEMENTS

The Defendant, Andrey Buynovskiy, moves this Honorable Court for an order suppressing as evidence any and all statements, whether oral, recorded, or written, taken from Defendant by any law enforcement officials, representatives of the United States Government, or anyone acting on their behalf, at any time following the Defendant's arrest by the Springfield Police Department and subsequent interrogation by local, state, and federal authorities, on or about January 28, 2004. This motion is made on the following grounds:

1. Such statement or statements were obtained in violation of the Defendant's privilege against self-incrimination and Defendant's right to counsel, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution;

2. The statement obtained by law enforcement officials on or about January 28, 2004, was made under duress and therefore was not voluntary.

As reasons therefore, the Defendant has attached a Memorandum in Support and an Affidavit in Support.

Respectfully submitted,
Andrey Buynovskiy
By His Attorney:

*Joseph D. Bernard /cj*
Joseph D. Bernard
The Law Offices of Joseph D. Bernard, P.C.
73 State Street, Suite 301
Springfield, MA 01103
(413) 731-9995
BBO#: 557986

Date:   November 4, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. )
) Criminal Action No.: 02-30043-MAP
)
ANDREY BUYNOVSKIY )
)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO SUPRESS STATEMENTS AND OTHER EVIDENCE, POINTS, AND AUTHORITIES

### INTRODUCTION

The Defendant, Andrey Buynovskiy, respectfully moves this Court to suppress as evidence against him in the prosecution's case-in-chief, as rebuttal evidence, or as impeachment evidence, all statements of any nature obtained from him by government agents as well as other evidence derived thereof.

On or about January 28, 2004, the Defendant was taken into custody, pursuant to an arrest warrant issued out of the United States District Court for the District of Massachusetts, by the Springfield Police Department, assisted by the Springfield Massachusetts Eurasian Task Force, the Portland Oregon Bureau of Alcohol Tobacco and Firearms, and the Federal Bureau of Investigation. During this time, he was detained by the aforementioned government agents and not free to leave. While he was in the custody of the agents, the Defendant purportedly made numerous statements. The alleged statements were involuntarily made by the Defendant without the benefit of any Miranda warnings being read to him by any of the law enforcement agents who held him in custody. As a result, the Defendant moves to suppress any and all statements and other evidence, points, and authorities obtained from such statements.

1

## ARGUMENT

1. <u>The Defendant's Statements Were Not Voluntarily Made</u>

The Defendant's statements after he was taken into custody by law enforcement officials were not the product of a knowingly and intelligent waiver of his 5th Amendment Privilege against Self-Incrimination and as such the statements should be suppressed from evidence as they were not voluntary. The prosecution bears the burden of showing voluntariness. See <u>Colorado v. Connelly</u>, 479 U.S. 157, 163 (1986).

A critical issue is whether the conduct of law enforcement officials "was such as to overbear [the accused's] will to resist and bring about confessions not freely self-determined." <u>Rogers v. Richmond</u>, 365 U.S. 534, 544 (1961); <u>see also</u> <u>Green v. Scully</u>, 850 F.2d 894, 900 (2d Cir. 1988) (holding that the critical issue is whether "the confession [is] the product of an essentially free and unconstrained choice by its maker?"). In applying this analysis, no one factor is dispositive; instead, the assessment must be based upon the totality of the circumstances. See <u>United States v. Bye</u>, 919 F.2d 6, 9 (2d Cir. 1990); <u>Green</u>, 850 F.2d at 901. The inquiry centers around "(1) the characteristics of the accused, (2) the conditions of interrogation, and (3) the conduct of law enforcement officials." <u>Green</u>, 850 F.2d at 901-02. More specifically, relevant factors include "the accused's age, his lack of education or low intelligence, the failure to give <u>Miranda</u> warnings, the length of detention, the nature of the interrogation, and any use of physical punishment." <u>Campaniera v. Reid</u>, 891 F.2d 1014, 1020 (2d Cir. 1989); <u>see also</u> <u>United States v. Guarno</u>, 819 F.2d 28, 30 (2d Cir. 1987). In the following matter, the surrounding circumstances support that the Defendant's contention that the statements were not the product of a voluntary waiver of his 5th Amendment rights.

2

First, law enforcement officials failed to give the Defendant his "Miranda Warnings." In Miranda v. Arizona, the Supreme Court established procedural safeguards, commonly known as the "Miranda Warnings," which apply in situations where the defendant is subjected to custodial interrogation by the police. Miranda v. Arizona, 384 U.S. 436 (1966). The Court has said that these safeguards are "not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected." Michigan v. Tucker, 417 U.S. 433, 444 (1974). Further, "[t]he prophylactic rule of Miranda sweeps more broadly than the Fifth Amendment itself . . . and requires the suppression of some confessions that, while perhaps not actually involuntary, were obtained in the presumptively coercive environment of police custody." Tankleff, 135 F.3d at 242. Nevertheless, the Miranda rule is constitutionally based and may not be overruled by statute. See Dickerson v. United States, 530 U.S. 428 (2000).

Miranda requires that the police inform a defendant, before questioning, that "he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Miranda, 384 U.S. at 478-79. A precise recitation of the language of the Miranda opinion is not required, so long as the warnings given adequately convey the substance of these rights to the defendant. See California v. Prysock, 453 U.S. 355, 359-61 (1981). A failure to expressly inform defendants that they may have an attorney present during questioning is not fatal when the warnings given, taken as a whole, make this right clear. See United States v. Burns, 684 F.2d 1066, 1074-75 (2d Cir. 1982); United States v. Lamia, 429 F.2d 373, 376-77 (2d Cir. 1970); see also Duckworth v. Eagan, 492 U.S. 195, 203-04 (1989) (written form adequately informed defendant of his right to have

3

attorney present during questioning even though it stated that attorney would be appointed "if and when you go to court"). Additionally, the United States Court of Appeals for the Third Circuit has recognized that a challenge to the adequacy of Miranda warnings involves "a hybrid question of law and fact." United States v. Fraction, 795 F.2d 12, 14 (3d Cir. 1986); see also United States v. Cruz, 910 F.2d 1072, 1078 (3d Cir. 1990), cert. denied, 111 S.Ct 709 (1991).

In the instant case, unlike the situations in Duckworth and Cruz, the Defendant was not given his "Miranda Warnings." The omissions of these warnings are far more critical than the mere jumbling of words which occurred in Cruz and resulted in the significant deprivation of the Defendant's privilege against self-incrimination. Such a serious omission was clearly not contemplated by the Supreme Court in Duckworth and, accordingly, all subsequent statements made by the Defendant should be suppressed from evidence.

For the "Miranda Warnings" requirements to be triggered, the defendant must be subjected to "custodial interrogation." Illinois v. Perkins, 496 U.S. 292, 296 (1990) (undercover officer posing as an inmate need not give Miranda warnings before posing questions to another inmate). Thus, warnings are not required where "[t]he essential ingredients of a 'police-dominated atmosphere' and compulsion are not present." Id.; see also Alexander v. Connecticut, 917 F.2d 747, 750-51 (2d Cir. 1990) (Miranda warnings not required where incarcerated defendant confessed to friend working as police informant); United States v. Willoughby, 860 F.2d 15, 23-24 (2d Cir. 1988); but see Estelle v. Smith, 451 U.S. 454, 466-69 (1981) (Miranda warnings required for interview in prison by court-appointed psychiatrist to assess defendant's future dangerousness for capital sentencing). The issues of whether a suspect is "in custody" and subjected to "interrogation" for Miranda purposes are analyzed separately.

4

The Defendant was in the custody of the federal authorities when all of the above-referenced statements were made and should have been apprised of his <u>Miranda</u> warnings prior to any questioning by law enforcement agents. <u>Miranda</u>, 384 U.S. 436 (1966). The requirement that "Miranda Warnings" be given before custodial interrogation provides "practical reinforcement" for the Fifth Amendment right against self-incrimination. <u>New York v. Quarles</u>, 467 U.S. 649, 654 (1984). Therefore, the Defendant's statements to the law enforcement authorities must be suppressed because they were given in a custodial setting and without the benefit of <u>Miranda</u> warnings. <u>Oregon v. Elstad</u>, 470 U.S. 298, 309 (1985).

The Defendant was also subject to interrogation when the statements were made. The Defendant was forcibly taken from the location of his initial stop to a place with many law enforcement officers were present. These law enforcement officers repeatedly and relentlessly berated the Defendant to tell the truth. The Defendant's interrogation lasted several hours. Under these circumstances, and in light of the fact that the Defendant was not fully advised of his <u>Miranda</u> warnings, the statements made by the Defendant cannot be said to have been voluntary. Furthermore, the Third Circuit has recognized that unduly lengthy interrogations may suggest that a statement was given involuntarily. <u>United States v. Johnson</u>, 816 F.2d 918, 922 (3d Cir. 1987). The Defendant too was detained for a long period of time; and this factor, coupled with the others described above, requires the suppression of the unlawfully elicited statements.

2. <u>Promises of Leniency or Threats of Additional Prosecution.</u>

The Defendant's statements may have been obtained through the use of deceit, direct and/or implied promises, and improper inducement by law enforcement officers. The Supreme Court of the United States has noted that "a confession, in order to be admissible, must be free and voluntary; that is . . . not obtained by any direct and implied promises, however slight."

5

Shotwell Mfg. Co. v. United States, 371 U.S. 341, 347 (1963) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)).

Promises of leniency or threats of additional prosecution constitute psychological "coercion" so that statements made in response thereto are involuntary. See Harris v. Beto, 367 F.2d 567, 568 (5th Cir. 1966); United States v. Powe, 591 F.2d 833 (D.C.Cir.1978). Indeed, a confession has been found involuntary where the defendant had a reasonable belief that the police had made a promise of leniency, even where no such promise was actually made. United States v. Harris, 301 F. Supp. 996 (E.D.Wis.1969).

3.  **The Defendant Was Denied His Sixth Amendment Right to Counsel During His Interrogation and Therefore All Statements Should Be Suppressed.**

As discussed above, the Defendant was never advised of his right to have counsel present during the lengthy interrogation process. The Supreme Court has long since recognized that the "guiding hand of counsel" is essential to advise an accused of his rights in a delicate situation, i.e., interrogation. Powell v. Alabama, 287 U.S. 45, 69 (1932). In fact, the Court has held that the interrogation stage of a criminal prosecution was the stage when legal aid and advice were the most critical to an accused. Messiah v. United States, 377 U.S. 201, 204 (1964). There is no doubt that, in the instant case, the Defendant was not a mere suspect at the time he was apprehended and that he had become the accused before any law enforcement interrogation began. Thus, due to the failure of law enforcement officials to give the Defendant his "Miranda Warnings" the Defendant was never advised of his right to counsel violating his 5th and 6th Amendment right in the process. As a result, the statements obtained during the interrogation and the evidence derived as a result should be suppressed.

6

## CONCLUSION

WHEREFORE, for the foregoing and such other reasons as may appear to the Court at an evidentiary hearing, the Defendant prays that the statements obtained from him be suppressed from evidence.

Respectfully submitted,
Andrey Buynovskiy
By His Attorney:

*Joseph D. Bernard /djr*
Joseph D. Bernard
The Law Offices of Joseph D. Bernard, P.C.
73 State Street, Suite 301
Springfield, MA 01103
(413) 731-9995
BBO#: 557986

Date:   November 4, 2004

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No.: 02-30043-MAP |
| | ) |
| ANDREY BUYNOVSKIY | ) |

## DEFENDANT'S AFFIDAVIT IN SUPPORT OF HIS MOTION TO SUPPRESS

Under oath, I depose and state:

1. My name is Andrey Buynovskiy and I am the above-named defendant in this matter.

2. On or about January 28, 2004 I was arrested by members of the Springfield Police Department. I later learned that they were assisted by agents of the Springfield Massachusetts Eurasian Task Force, the Boston ATF agents, Portland Oregon ATF agents, and FBI agents.

3. Shortly thereafter, law enforcement officials began to question me about the incidents which make up the basis of the above charges.

4. I felt threatened, scared, and believed that I was not free to leave and had no choice but to answer the questions as the officials ordered.

5. I was never provided any particular rights prior to the officials asking me questions.

6. At no time did I knowingly and intelligently sign a waiver of rights form.

Date: _____     _____
                                  Andrey Buynovskiy

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No.: 02-30043-MAP |
| | ) |
| **ANDREY BUYNOVSKIY** | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Motion, by Hand Delivery, this 4th day of November, 2004 on:

Assistant United States Attorney
Kevin O' Reagan
U.S. Attorney's Office
1550 Main Street, Room 310
Springfield, MA 01103

Joseph D. Bernard /djr
Joseph D. Bernard
The Law Offices of Joseph D. Bernard, P.C.
73 State Street, Suite 301
Springfield, MA 01103
413-731-9995
BBO#: 557986