UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No.: 02-30043-MAP |
| | ) |
| ANDREY BUYNOVSKIY | ) |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant, Andrey Buynovskiy, by and through his counsel, Attorney Joseph D. Bernard, respectfully request the following instructions be submitted to the jury before deliberations in the aforementioned matter:

### TESTIMONY BY INFORMANT

1. You have heard the testimony of Carlos Ortiz. He received money from the government in exchange for providing information. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. See United States v. Wright, 573 F.2d 681, 685 (1st Cir.), cert. denied, 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978). See also United States v. House, 471 F.2d 886, 888 (1st Cir.1973) (same for paid-informant testimony).

### TESTIMONY BY AN ACCOMPLICE

2. You have heard the testimony of Michael Quickel. He participated in the crime charged against Andrey Buynovskiy. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. See United States v. Wright, 573 F.2d 681, 685 (1st Cir.), cert. denied, 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978).

3. You have heard the testimony of Aleksei Safanov. He participated in the crime charged against Andrey Buynovskiy. Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves. See United States v. Wright, 573 F.2d 681, 685 (1st Cir.), cert. denied, 436 U.S. 949, 98 S.Ct. 2857, 56 L.Ed.2d 792 (1978).

### STATEMENT BY DEFENDANT

4. You have heard evidence that Andrey Buynovskiy made a statement in which the government claims he admitted certain facts. It is for you to decide (1) whether Andrey Buynovskiy made the statement, and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement. See United States v. Fera, 616 F.2d 590, 594 (1st Cir.), cert. denied, 446 U.S. 969 (1980).

### PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

5. It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The Defendant before you, Andrey Buynovskiy, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt. The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Andrey Buynovskiy is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Andrey Buynovskiy. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Andrey Buynovskiy has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him. If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Andrey Buynovskiy's guilt of a particular crime, it is your duty to acquit him of that crime. See United States v. Andujar, 49 F.3d 16, 24 (1st Cir.1995); United States v. Cassiere, 4 F.3d 1006, 1024 (1st Cir.1993).

### ENTRAPMENT

6. The Defendant, Andrey Buynovskiy, maintains that he was entrapped. A person is "entrapped" when he is induced or persuaded by law enforcement officers or their agents to commit a crime that he was not otherwise ready and willing to commit. The law forbids his conviction in such a case. However, law enforcement agents are permitted to use a variety of methods to afford an opportunity to a defendant to commit an offense, including the use of undercover agents, furnishing of funds for the purchase of controlled substances, the use of informers and the adoption of false identities. For you to find Andrey Buynovskiy guilty of the crime with which he is charged, you must be convinced that the government has proven beyond a reasonable doubt that Andrey Buynovskiy was not entrapped. To show that Andrey Buynovskiy was not entrapped, the government must establish beyond a reasonable doubt one of the following two things: *One*, that Carlos Ortiz did not persuade or talk Andrey Buynovskiy into committing the crime.

2

Simply giving someone an opportunity to commit a crime is not the same as persuading him, but excessive pressure by Carlos Ortiz or an undue appeal to sympathy can be improper; or, *Two*, that Andrey Buynovskiy was ready and willing to commit the crime without any persuasion from Carlos Ortiz or any other government agent. In that connection, you have heard testimony about actions by Andrey Buynovskiy for which he is not on trial. You are the sole judges of whether to believe such testimony. If you decide to believe such evidence, I caution you that you may consider it only for the limited purpose of determining whether it tends to show Andrey Buynovskiy's willingness to commit the charged crime or crimes without the persuasion of a government agent. You must not consider it for any other purpose. You must not, for instance, convict a defendant because you believe that he is guilty of other improper conduct for which he has not been charged in this case. See e.g., United States v. Montañez, 105 F.3d 36, 38 (1st Cir.1997); United States v. Acosta, 67 F.3d 334, 337-340 (1st Cir.1995), cert. denied, 516 U.S. 1137, 116 S.Ct. 965, 133 L.Ed.2d 887 (1996); United States v. Gendron, 18 F.3d 955, 960-64 (1st Cir.), cert. denied, 513 U.S. 1051, 115 S.Ct. 654, 130 L.Ed.2d 558 (1994); United States v. Gifford, 17 F.3d 462, 467-70 (1st Cir.1994); United States v. Hernandez, 995 F.2d 307, 313 (1st Cir.), cert. denied, 510 U.S. 954, 114 S.Ct. 407, 126 L.Ed.2d 354 (1993); United States v. Reed, 977 F.2d 14, 18 (1st Cir.1992). See also United States v. Pion, 25 F.3d 18, 20 (1st Cir.), cert. denied, 513 U.S. 932, 115 S.Ct. 326, 130 L.Ed.2d 286 (1994).

          Respectfully submitted,
          Andrey Buynovskiy
          By His Attorney:

          _____
          Joseph D. Bernard
          The Law Offices of Joseph D. Bernard, P.C.
          73 State Street, Suite 301
          Springfield, MA 01103
          (413) 731-9995
Date: November 17, 2005      BBO#: 557986